UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID CARTER,<br><br>                              Plaintiff,<br><br>-against-<br><br>1# JOHN DOE [BLACK MALE], ET AL.,<br><br>                              Defendants. | 24-CV-6182 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is incarcerated at Marcy Correctional Facility, is proceeding *pro se* and *in forma pauperis* ("IFP"). He filed this complaint under 42 U.S.C. § 1983 against John Doe correction officers at Green Haven Correctional Facility. Plaintiff alleged that during his incarceration at Green Haven in 2021, Defendants interfered with his legal mail. (ECF 1.)

By order dated December 16, 2024, the Court dismissed the complaint without prejudice because Plaintiff is barred, under the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing any new action IFP while a prisoner, in the absence of a showing that he is under imminent danger of serious physical injury. (ECF 16) (citing *Carter v. New York City John Doe Corr. Officer*, ECF 1:16-CV-3466, 6 (S.D.N.Y. Aug. 25, 2016)). In its order, the Court held that Plaintiff's complaint about not receiving legal mail in 2021 did not suggest that he was in imminent danger of serious physical injury. On December 27, 2024, Plaintiff filed a notice of appeal and an extension of time to file a notice of appeal, and the Appeal Record was electronically transmitted to the Second Circuit on February 26, 2025. *See Carter v. Doe*, No. 25-93 (2d Cir.) (pending).

Plaintiff has since filed three motions for reconsideration, two letters, an affidavit, and, on March 21, 2025, a motion "To Be Released Due To Imminent Danger, Consistent Abuse Of

Authority, Lack Of Security, Temporary Restraining Order Seeking Injunctive Relief." (ECF 20-25.) In the motion seeking emergency relief, Plaintiff alleges that he is facing threats "from combined efforts from correctional staff and inmates." (ECF 25 at 1.)

**A.    Jurisdiction**

Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But Rule 4 of the Federal Rules of Appellate Procedure provides that a district court has jurisdiction to rule on a motion under Rules 59 or 60 of the Federal Rules of Civil Procedure after a notice of appeal has been filed, if the motion is filed within 28 days after the entry of judgment. Fed. R. App. P. 4(a)(4)(A).

Here, the court received Plaintiff's first motion for reconsideration within 28 days after judgment was entered. The Court therefore has the authority under Rules 59 and 60 to consider his requests.

**B.    Motion for an extension of time to file a notice of appeal**

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a notice of appeal in a civil case to be filed within 30 days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A).[1] The Court entered judgment dismissing this action on December 16, 2024. On January 7, 2025, the Court received Plaintiff's notice of appeal and his motion for an extension of time to appeal. (ECF No. 5-6.) Under the "prison mailbox" rule, however, a document is deemed filed with the

---

[1] The district court may extend the time to file a notice of appeal if the motion for an extension of time is filed within thirty days of the expiration of the time to file notice of appeal, and the moving party shows excusable neglect or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A).

Court on the date a prisoner gives it to prison officials for mailing – not the date that the Court receives it. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that notice of appeal was deemed filed when prisoner placed it in the prison mailing system for mailing). Plaintiff signed his notice of appeal and motion for an extension of time to appeal on December 27, 2024, and the Court assumes that he gave the documents to prison officials for mailing on the same date. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[W]e have never required prisoners to provide affidavits of service to verify when they give their documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."). Because Plaintiff's notice of appeal was filed within the 30-day deadline, the Court denies Plaintiff's motion for an extension of time to appeal as unnecessary.

**C.     Motions for reconsideration**

**1.     Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e) and Local Rules 6.3**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and

citations omitted). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509. Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

Plaintiff does not argue that he does not have three strikes for purposes of Section 1915(g). He does, however, attempt to show that he is in imminent danger of serious physical injury. The imminent danger exception "allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2002). In determining whether a litigant has shown such a nexus, courts consider: "(1) whether the imminent danger of serious physical injury that [the] . . . litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99.

Here, Plaintiff alleges in his complaint that four years ago, corrections officers at Green Haven interfered with his legal mail. (ECF 1.) In the motion seeking emergency injunctive relief, Plaintiff asserts that corrections officers and other prisoners are threatening him with physical harm. (ECF 25 at 1.) While these are serious allegations, they are wholly unrelated to Plaintiff's claims in this suit regarding involving the alleged interference with legal mail at Green Haven in 2021. There are no Marcy employees named as Defendants in this action. A favorable judicial

outcome on Plaintiff's claims for damages as a result of the alleged interference with his legal mail would not redress any injury from threats to Plaintiff four years later at a different facility. He has thus failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action under Section 1915(g). The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Rule 6.3.

2. **Motions for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate, for the reasons discussed above, that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. The motions seeking relief under any of these clauses are denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motions are also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot

5

circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

**D.    Motion for emergency injunctive relief**

To obtain emergency injunctive relief, a plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

For the reasons set forth above, Plaintiff has not shown (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. The Court must therefore deny Plaintiff's request for emergency injunctive relief.[2]

---

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune

## CONCLUSION

The Court denies all outstanding motions, and the Clerk of the Court is directed to terminate them. (ECF 18, 20, 22, 24, 25.) This matter remains closed in this court.[3] Plaintiff's appeal in the Second Circuit remains pending.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 28, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

from such relief." 28 U.S.C. § 1915A(b).

[3] Plaintiff is cautioned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.