UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID CARTER,<br><br>                     Plaintiff,<br><br>          -against-<br><br>1# JOHN DOE [BLACK MALE], ET AL.<br><br>                     Defendants. | 24-CV-6182 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is incarcerated at Marcy Correctional Facility ("Marcy"), is proceeding *pro se* and *in forma pauperis* ("IFP"). On July 31, 2024, he filed this complaint under 42 U.S.C. § 1983, alleging that in 2021, during his incarceration at Green Haven Correctional Facility ("Green Haven"), correction officers interfered with his legal mail. (ECF 1.) By order dated December 16, 2024, the Court dismissed the complaint without prejudice because Plaintiff is barred, under the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing any new action IFP while a prisoner, in the absence of a showing that he is under imminent danger of serious physical injury, (ECF 16) (citing *Carter v. New York City John Doe Corr. Officer*, No. 16-CV-3466 (S.D.N.Y. Aug. 25, 2016)). In its order, the Court held that Plaintiff's complaint – alleging that Green Haven correction officers interfered with his legal mail at Green Haven in 2021 – did not suggest that he was in imminent danger of serious physical injury at the time he filed the complaint while incarcerated at Marcy. (ECF 16.)

On January 7, 2025, Plaintiff filed a notice of appeal and a motion for reconsideration. (ECF 19, 20.) By order dated March 28, 2025, the Court denied the motion for reconsideration:

> Plaintiff does not argue that he does not have three strikes for purposes of Section 1915(g). He does, however, attempt to show that he is in imminent danger of serious physical injury. The imminent danger exception "allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the

claims he seeks to pursue and the imminent danger he alleges." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2002). In determining whether a litigant has shown such a nexus, courts consider: "(1) whether the imminent danger of serious physical injury that [the] . . . litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99.

Here, Plaintiff alleges in his complaint that four years ago, corrections officers at Green Haven interfered with his legal mail. (ECF 1.) In the motion seeking emergency injunctive relief, Plaintiff asserts that corrections officers and other prisoners are threatening him with physical harm. (ECF 25 at 1.) While these are serious allegations, they are wholly unrelated to Plaintiff's claims in this suit regarding involving the alleged interference with legal mail at Green Haven in 2021. There are no Marcy employees named as Defendants in this action. A favorable judicial outcome on Plaintiff's claims for damages as a result of the alleged interference with his legal mail would not redress any injury from threats to Plaintiff four years later at a different facility. He has thus failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action under Section 1915(g).

(ECF 26 at 4.)

By mandate issued July 16, 2025, the United States Court of Appeals for the Second

Circuit vacated the judgment and remanded the action:

We conclude that the district court correctly ruled that Appellant was subject to 28 U.S.C. § 1915(g)'s three-strikes bar and that his complaint did not allege that he was in imminent danger of serious physical injury when he filed the complaint. On remand, however, the district court should permit Appellant to amend his complaint to address the imminent danger exception and the required nexus between the complaint's claims and the alleged imminent danger. *See Chavis v. Chappius*, 618 F.3d 162, 170–71 (2d Cir. 2010); *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009).

(ECF 29.)

The Court directs the Clerk of Court to vacate the order of dismissal and judgment (ECF

16, 17) and to reopen this action. The Court grants Plaintiff 60 days' leave to file an amended

complaint to "address the imminent danger exception and the required nexus between the

complaint's claims and the alleged imminent danger."[1] (ECF 29.) An amended complaint form is attached.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    July 21, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[1] This Court is not a proper venue for Plaintiff's allegations arising from events occurring at Marcy, in Oneida County, New York, located within the Northern District of New York. 28 U.S.C. § 112(a). Instead of filing an amended complaint, Plaintiff could withdraw this action and file a new complaint in the Northern District.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes    ☐ No

(check one)

___ Civ. _____ (    )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's       Name_____

                  ID#_____

                  Current Institution_____

                  Address_____

                  _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____

                      Where Currently Employed _____

                      Address _____

                      _____

*Rev. 01/2010*

1

Defendant  No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

```
┌──────────┐
│ Who did  │
│ what?    │
└──────────┘
```

Defendant  No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____


B.    Where in the institution did the events giving rise to your claim(s) occur?

_____


C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____


D.    Facts:_____

```
┌──────────┐
│ What     │
│ happened │
│ to you?  │
└──────────┘
```

_____

_____

_____

*Rev. 01/2010*                                   2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____ No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

    Yes _____    No _____    Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

    Yes _____    No _____    Do Not Know _____

    If YES, which claim(s)?
    _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

    Yes _____    No _____

    If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

    Yes _____    No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
    _____

    1.      Which claim(s) in this complaint did you grieve?
        _____

        _____

    2.      What was the result, if any?
        _____

        _____

    3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

    1.      If there are any reasons why you did not file a grievance, state them here:
        _____
        _____
        _____

_____
_____
_____

2.    If you did not file a grievance but informed any officials of your claim, state who you
      informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative
      remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your
         administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that
you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

**VI.    Previous lawsuits:**

<div style="border:1px solid black; display:inline-block">On these claims</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

    2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

    5.    Approximate date of filing lawsuit _____

    6.    Is the case still pending?  Yes _____ No _____

If NO, give the approximate date of disposition_____

    7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____

_____

<div style="border:1px solid black; display:inline-block">On other claims</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____ No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

    2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

    5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.

Signature of Plaintiff      _____

Inmate Number            _____

Institution Address       _____

_____

_____

_____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____