UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID CARTER,

                        Plaintiff,

        -against-

1# JOHN DOE [BLACK MALE], ET AL.,

                        Defendants.

24-CV-6182 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff David Carter, who is currently incarcerated in Marcy Correctional Facility ("Marcy") in Oneida County, New York, is proceeding *pro se* and *in forma pauperis* ("IFP"). By order dated December 16, 2024, the Court dismissed Plaintiff's complaint without prejudice because he is barred, under the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing any new action IFP while a prisoner, in the absence of a showing that he is under imminent danger of serious physical injury, (ECF 16) (citing *Carter v. New York City John Doe Corr. Officer*, No. 16-CV-3466 (LAP) (S.D.N.Y. Aug. 25, 2016)). In its order, the Court held that Plaintiff's complaint – alleging that corrections officers interfered with his legal mail at Green Haven Correctional Facility ("Green Haven") in 2021 – did not suggest that he was in imminent danger of serious physical injury at the time he filed the complaint while incarcerated at Marcy. (ECF 16.)

On January 7, 2025, Plaintiff filed a notice of appeal and a motion for reconsideration. (ECF 19, 20.) By order dated March 28, 2025, the Court denied the motion for reconsideration:

> In the motion seeking emergency injunctive relief, Plaintiff asserts that corrections officers and other prisoners [at Marcy] are threatening him with physical harm. (ECF 25 at 1.) While these are serious allegations, they are wholly unrelated to Plaintiff's claims in this suit regarding the alleged interference with legal mail at Green Haven in 2021. There are no Marcy employees named as Defendants in this action. A favorable judicial outcome on Plaintiff's claims for

damages as a result of the alleged interference with his legal mail would not redress any injury from threats to Plaintiff four years later at a different facility. He has thus failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action under Section 1915(g).

(ECF 26 at 4.)

By mandate issued July 16, 2025, the United States Court of Appeals for the Second Circuit vacated the judgment and remanded the action:

> We conclude that the district court correctly ruled that Appellant was subject to 28 U.S.C. § 1915(g)'s three-strikes bar and that his complaint did not allege that he was in imminent danger of serious physical injury when he filed the complaint. On remand, however, the district court should permit Appellant to amend his complaint to address the imminent danger exception and the required nexus between the complaint's claims and the alleged imminent danger. *See Chavis v. Chappius*, 618 F.3d 162, 170–71 (2d Cir. 2010); *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009).

(ECF 29.)

By order dated July 21, 2025, the Court reopened this action and granted Plaintiff 60 days' leave to file an amended complaint, as the Second Circuit directed, to "address the imminent danger exception and the required nexus between the complaint's claims and the alleged imminent danger."[1] (ECF 29.)

On July 30, 2025, the Court received a letter from Plaintiff requesting assistance, under *Valentin v. Dinkins,* 121 F.3d 72, 76 (2d Cir. 1997), to identify four defendants at Green Haven who, on July 23, 2024, used "unnecessary force" against him and wrote up a false misbehavior report during an incident occurring in the "J-Block." (ECF 31 at 5.)

---

[1] In that order, the Court noted that venue for any claims arising at Marcy would be proper in the Northern District of New York, not this court, 28 U.S.C. § 112, and advised Plaintiff that, instead of filing an amended complaint, he could withdraw this action and file a new complaint in the Northern District.

**DISCUSSION**

As set forth in the July 21, 2025 order, Plaintiff is barred, under Section 1915(g), from filing any new action IFP while a prisoner, in the absence of a showing: (1) that he is under imminent danger of serious physical injury; and (2) a connection between his claims and the alleged imminent danger. The Court denies without prejudice Plaintiff's request for a *Valentin* order, because he has not made that showing. In the original complaint, which was filed on July 31, 2024, during his incarceration at Marcy, Plaintiff alleged that Green Haven corrections officers interfered with his legal mail in 2021. In his motion for reconsideration, Plaintiff alleged that corrections officers and other prisoners at Marcy were threatening him, but he did not allege a connection between his Green Haven legal mail claim and the Marcy threats. In his recent letter, Plaintiff alleges that he was subjected to excessive force at Green Haven in 2024, and he does not make any allegations about facing imminent danger.

The Court cannot grant Plaintiff any relief until he files an amended complaint that establishes his right to proceed under the imminent danger exception to Section 1915(g). As Plaintiff is no longer incarcerated at Green Haven, he likely cannot show that he is facing imminent danger in connection with events arising at Green Haven, but the Second Circuit directed this Court to give him that opportunity. If Plaintiff files an amended complaint alleging that he is facing imminent danger at Marcy, and asserts claims against Marcy defendants in connection with events occurring there, the Court will transfer the matter to the Northern District of New York to assess his request to proceed IFP.

**CONCLUSION**

The Court denies without prejudice Plaintiff's request for a *Valentin* order, and directs Plaintiff to file an amended complaint that complies with the July 21, 2025 order. No summons

will issue at this time. If Plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, this action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    August 5, 2025
          New York, New York

                                             /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge