UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID CARTER,

                              Plaintiff,

            -against-

1# John Doe [Black Male], et al,

                              Defendants.

24-CV-6182 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, is currently incarcerated at Auburn Correctional Facility. The Court assumes familiarity with the procedural history of this matter.

Plaintiff is barred, under 28 U.S.C. § 1915(g), from filing any new action *in forma pauperis* ("IFP") while a prisoner. *See Carter v. New York City John Doe Corr. Officer*, ECF 1:16-CV-3466, 6 (S.D.N.Y. Aug. 25, 2016). By order dated July 21, 2025, the Court directed Plaintiff to file an amended complaint within 60 days, showing that he is in imminent danger of serious physical injury,[1] and specified that failure to comply would result in denial of leave to proceed IFP and dismissal of the complaint without prejudice. (ECF 30.) Plaintiff filed an amended complaint and other documents, but none of his filings were responsive to the order, and the Court granted him two extensions of time to comply. (ECF 33, 35.) On October 28, 2025, the Clerk's Office mailed the most recent order granting an extension of time, ECF 35, to Plaintiff at his address of record, but it was returned as undeliverable. On December 11, 2025, the Court remailed the order to Plaintiff at his current address, Auburn Correctional Facility. That order directed Plaintiff to file an amended complaint within 30 days, and warned him that if he

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

failed to do so, this matter would be dismissed without prejudice. Plaintiff has not filed an amended complaint or otherwise communicated with the Court. Accordingly, the Court denies Plaintiff's request to proceed IFP, and dismisses this matter without prejudice.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and dismisses this matter without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter civil judgment dismissing this case.

SO ORDERED.

Dated:    February 12, 2026
          New York, New York

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        Chief United States District Judge

---

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).